Owen McGivern, J.
This is a motion to confirm the report of the Referee in an action for the judicial settlement of the account of proceedings of the trustee of an inter vivos trust. The trust was set up in 1924 by the defendant Quigley in contemplation of the marriage of her daughter, the defendant Clotilde Bentinck, to the defendant Victor Bentinck. The trust indenture provided that the income is payable to Mrs. Bentinck for life; upon her death, the principal is to be divided among such of the issue of the marriage as she shall appoint, and in default of appointment it is to be divided among such issue per stirpes; principal may be invaded to the extent of $35,000 during the life of Mrs. Bentinck in order to purchase a home and furnishings therefor, such invasion is to be made on the joint request of Mr. and Mrs. Bentinck, or on her sole request *241 ‘ ‘ if the Husband shall have predeceased her or if the Husband and Wife be not living together as Husband and Wife at the time of such request.”
On December 26, 1929, Mrs. Quigley presented to the plaintiff a document requesting withdrawal of $34,800, purporting to be signed by both Mr. and Mrs. Bentinck. The authenticity of this document has been disputed. The Referee found that it was in fact executed by both Mr. and Mrs. Bentinck over a year prior to its use, and the weight of the evidence supports these findings. Plaintiff honored this request, and as therein directed, caused the sum of $34,800 to be transferred to a specified brokerage firm. By virtue of this and other withdrawals, the corpus of the fund was reduced to $4,794.73, shortly before the commencement of this action.
Defendants William and Margaret Bentinck are the issue of the marriage of Mr. and Mrs. Bentinck, which terminated in divorce, and are thus remaindermen of the fund, subject to their mother’s power to appoint it among them and their future issue.
The principal issue in this action arose from the demand of Mrs. Bentinck and her children that Mrs. Quigley, the cotrustee, and the plaintiff be surcharged for the said withdrawal of $34,800. Recovery of that sum was also sought from Mrs. Bentinck’s sister, the defendant Shearn, who is alleged to have co-operated with Mrs. Quigley in the withdrawal. The Referee rightly found that the allegations against Mrs. Shearn had not been proved.
The Referee also concluded that plaintiff could not be surcharged, and this court concurs that such a conclusion is warranted by the evidence and by Matter of Spitzmuller (279 App. Div. 233 [1st Dept., 1951], affd. 304 N. Y. 608 [1952]).
The Referee, however, sustained the claim against Mrs. Quigley, and it is in this respect that the court differs with the Referee. The particular employment of the words in the trust indenture require an interpretation permitting the withdrawal.
Accordingly, Mrs. Quigley may not be held liable to anyone for having participated in the withdrawal, and to the extent that the Referee recommends allowance of the claim against Mrs. Quigley, it is disapproved.
The Referee recommends that the Bentinck children may, if they now request it, have a judgment against their mother. No such relief was sought by them either in their amended answer or in the objections filed by them to the Referee’s report, and such relief will not be granted.
*242 In all other respects the report of the Referee is confirmed.
There remains the question of allowances. The requests of the Referee and the stenographer will be allowed in the respective amounts asked by them. Such allowances shall be paid out of the fund, pro rata. If it appears from the supplemental account, to be served and submitted with the proposed judgment, that the fund is still insufficient to satisfy the allowances in full, the court in its discretion directs that the deficit be borne by plaintiff and Mrs. Bentinck jointly. No other allowances are granted and no costs are allowed. The other relief requested in the notice of motion is granted.
Settle judgment on notice.